IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYLER KLINGENSMITH                                                                                          PLAINTIFF

V.                                              CIVIL NO. 6:19-CV-06126

INTERNAL PAROLE OFFICER "JANE" TAYLOR (Parole Officer); DAWN VANDIVER (Parole Board Secretary); DR. SELLS (Unit Psychologist, Ouachita River Correctional Unit "ORCU"); DONNA DYCUS (ORCU Unit Coordinator); CLAYTON DEBOER (ORCU Mental health Case Manager); MRS. HAMER (ORCU Mental Health Supervisor); OFFICER BLEADSOE (ORCU); RORY GRIFFIN (Director of Health and Correctional Services); WARDEN G. EARL (ORCU); PAROLE OFFICER WEST; JENNINGS (a/k/a Jenkins); MRS. FULLER; MAJOR CHRISTOPHER (ORCU/ADC); MRS. HOSSMAN; LT. DELANEY (ADC Security/ORCU); ASSIST. WARDEN BALL (ORCU); DEXTER PAYNE (ADC Director); MARK JORDAN (Bentonville PD Detective); LT. HUNTER (ADC Security/ORCU), and CUMMINGS (ORCU)                                    DEFENDANTS

**ORDER**

The Court has received a Report and Recommendation (ECF No. 15) from United States Magistrate Judge Mark E. Ford. Plaintiff proceeds in this 42 U.S.C. §1983 action *pro se* and in *forma pauperis*. Upon review, the Magistrate recommended that all Plaintiff's official capacity claims be DISMISSED WITH PREJUDICE. It is further recommended that the following personal capacity claims be DISMISSED WITHOUT PREJUDICE:

- Claims against Defendants Deboer, Dycas, Hamer, Fuller, Bleadsoe, Payne,

1

- Griffin, Hossman, and Seller for his misclassification, Unit transfer, or housing assignment;

- Claims against Defendants Taylor, West, Cummings, Jennings, and Jordan in relation to Plaintiff's parole hearing or parole denial;

- The claim that Delaney and Hunter placed him in administrative segregation without adequate due process;

- Claims against Defendants Delaney and Hunter concerning the lack of water in his segregation cell; and

- Claims for First Amendment retaliation against Delaney and Hunter for placing him in administrative segregation because he filed lawsuits against the ADC.

Finally, the Magistrate recommended that the following personal capacity claims remain for further consideration:

- The conditions of confinement claims against **Defendants Delaney** and **Hunter** regarding the temperature in his segregation cell, the lack of warm clothing, and the lights being kept on around the clock;

- The First Amendment retaliation claims against **Defendants Hossman, Delaney, Christopher, Mendoza, Whitley** and **Deboer**; and

- The Failure to protect claims against **Defendants Christopher, Earl, Ball, Hossman,** and **Hamer**.

Plaintiff has filed written Objections (ECF No. 16) to the Report and Recommendation. The matter is now ripe for consideration.

The Court has conducted a *de novo* review of those portions of the report and recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b)(1). Plaintiff's objections offer neither law nor fact

requiring departure from the Magistrate's findings.  The report and recommendation is proper, contains no clear error, and is ADOPTED IN ITS ENTIRETY.

Wherefore, the Court makes its ORDER as follows:

1. All Plaintiff's official capacity claims are hereby **DISMISSED WITH PREJUDICE**.

2. The following personal capacity claims are hereby **DISMISSED WITHOUT PREJUDICE**:

    - Claims for misclassification, Unit transfer, or housing assignment against **Separate Defendants Deboer, Dycas, Hamer, Fuller, Bleadsoe, Payne Griffin, Hossman, and Seller**;

    - Claims of retaliation in Plaintiff's parole hearing or parole denial against **Separate Defendants Taylor, West, Cummings, Jennings, and Jordan**;

    - Claims of due process violations with regard to administrative segregation against **Separate Defendants Delaney and Hunter**;

    - Claims concerning lack of water in his segregation cell against **Separate Defendants Delaney and Hunter**;

    - Claim(s) of First Amendment retaliation for placing Plaintiff in administrative segregation because he filed lawsuits against the ADC against **Separate Defendants Delaney and Hunter**.

3. The following personal capacity claims shall remain with the Court for further consideration:

    - Claims regarding conditions of confinement in Plaintiff's segregation cell, including the temperature, the lack of warm clothing, and the lights being kept on around the clock, against **Separate Defendants Delaney and Hunter**;

    - Claims for First Amendment retaliation against **Separate Defendants Hossman, Delaney, Christopher, Mendoza, Whitley and Deboer**; and

- The failure to protect claim(s) against **Christopher, Earl, Ball, Hossman, and Hamer**.

SO ORDERED this 26th day of May 2020.

*/s/Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE