IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYLER KLINGENSMITH                                                                                              PLAINTIFF

v.                                             Civil No. 6:19-cv-06126

CLAYTON DEBOER; DEANGELO EARL;
TODD BALL; CORNELIUS CHRISTOPHER;
AIRRION DELANEY; EMMA HAMER;
JERILYN HOSMAN; COREY HUNTER;
JUAN MENDOZA; and JAMES WHITLEY                                                              DEFENDANTS

## ORDER

The Court has received a Report and Recommendation (ECF No. 77) from United States Magistrate Judge Mark E. Ford. Plaintiff Tyler Klingensmith, currently incarcerated in the Arkansas Department of Corrections, proceeds in this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*, challenging the constitutionality of certain actions taken against him by prison officials. All Plaintiff's official capacity claims were dismissed with prejudice. Only the personal capacity claims remain against the Defendants. Before discovery began, Defendants filed a Motion for Summary Judgment on August 27, 2020. (ECF No. 43). Plaintiff filed his Response on October 9, 2020. (ECF Nos. 62, 63). Defendants filed their Reply on October 16, 2020. (ECF No. 64). Plaintiff filed a Response to the Reply on October 26, 2020, and a Supplement to his Response on October 29, 2020. (ECF Nos. 67, 68). In his report, the Magistrate recommended that Defendants' Motion for Summary Judgment on Exhaustion (ECF No. 43) should be granted, and Plaintiff's Third Amended Complaint (ECF No. 13) should be dismissed without prejudice in its entirety. Plaintiff has filed written Objections to the Report and Recommendation (ECF No. 78). This matter is ripe for consideration.

**A.     Plaintiff's Claims**

Most of Plaintiff's claims were dismissed pursuant to preservice screening under the provisions of the Prison Litigation Reform Act on May 26, 2020. (ECF No. 18). Four claims remain for further

1

consideration: (1) Plaintiff's conditions of confinement claims against Defendants Airrion Delaney and Corey Hunter regarding the temperature in his segregation cell, the lack of warm clothing, and the lights being kept on around the clock; (2) Plaintiff's First Amendment retaliation claim against Defendants Jerilynn Hossman, Airrion Delaney, Cornelius Christopher, Juan Mendoza and James Whitley for allegedly releasing him into Housing One, an allegedly hostile environment, in order to deter him from filing grievances and lawsuits; (3) Plaintiff's First Amendment retaliation claim against Defendant Clayton Deboer for allegedly activating a false referral to the Reduction in Sexual Victimization Program ("RSVP") on Plaintiff after Plaintiff filed a grievance against him; and, (4) Plaintiff's failure to protect claim against Defendants Cornelius Christopher, DeAngelo Earl, Todd Ball, Jerilyn Hossman, and Emma Hamer for his placement into Housing One. (*Id.*).

**B.    Defendants' Motion for Summary Judgment**

Defendants' motion contains two arguments. First, Defendants contend that Plaintiff's claims must be dismissed for failure to exhaust administrative remedies against Defendants Todd Ball, Cornelius Christopher, Airrion Delaney, DeAngelo Earl, Emma Hamer, Jerilynn Hosman, Corey Hunter, Juan Mendoza, and James Whitley (the "Part One Defendants," collectively herein). Second, Defendants contend that Plaintiff will be unable to prove his retaliation claim against Defendant Clayton Deboer. Specifically, they contend that Plaintiff will be unable to show that Defendant Deboer took an adverse action against him, that the action would chill a person of ordinary firmness from participating in the activity, or that he was referred to RSVP because of his participation in the grievance process.

**1.    Exhaustion**

The Court has conducted a *de novo* review of the portions of the report and recommendation to which Plaintiff has objected regarding the exhaustion of his claims against the Part One Defendants. 28 U.S.C. § 636(b)(1)(C) states that the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Plaintiff's objections are lengthy and bewildering, and the Court cannot find the objections offer either law or fact requiring departure from the Magistrate's findings. The Court adopts the Report and Recommendation to

the extent that it finds the Defendants' Motion for Summary Judgment (ECF No. 43) should be granted as to Plaintiff's claims against the Part One Defendants, including Todd Ball, Cornelius Christopher, Airrion Delaney, DeAngelo Earl, Emma Hamer, Jerilynn Hosman, Corey Hunter, Juan Mendoza and James Whitley for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). The claims against the Part One Defendants will be dismissed without prejudice.

### 2. Retaliation

Plaintiff objects to the portion of the report that recommends dismissal of the claims against Defendant Clayton Deboer for failure to exhaust his administrative remedies. (ECF No. 78, at 3.) Defendants do not deny that Plaintiff exhausted his administrative remedies against Defendant Deboer. (ECF No. 43, at ¶4). Plaintiff's Complaint (ECF No. 1) contains the grievance forms filed against Defendant Deboer, and Plaintiff's Third Amended Complaint (ECF No. 13) refers to these forms. Therefore, the Court finds that Plaintiff did exhaust his administrative remedies against Defendant Deboer.

However, Defendants' Motion for Summary Judgment (ECF No. 43) does seek to dismiss the retaliation claim against Defendant Deboer on the merits. While the retaliation claim is marginally referred to in the Report and Recommendation (ECF No. 77, at 1 n.1, 9), the report does not address the merits of Plaintiff's retaliation claim. It appears this claim was mistakenly dismissed for failure to exhaust administrative remedies.

Under 28 U.S.C. § 636(b)(1), the Court may consider the claims that are not addressed by the Magistrate's Report and Recommendation. Considering that both parties submitted briefs on this issue, the Court will address this claim. Upon *de novo* review, the Court finds that there is a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a) (stating that summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.) Accordingly, Defendant Deboer's Motion for Summary Judgment (ECF No. 43) on the retaliation claim against him should be denied.

### C. Order

Wherefore, the Court makes its Order granting in part and denying in part Defendants' Motion for Summary Judgment (ECF No. 43):

1. The Report and Recommendation (ECF No. 77) is **ADOPTED AS CORRECTED;**

2. Summary Judgment is **GRANTED** on Plaintiff's claims against Defendants Todd Ball, Cornelius Christopher, Airrion Delaney, DeAngelo Earl, Emma Hamer, Jerilynn Hosman, Corey Hunter, Juan Mendoza and James Whitley for failure to exhaust administrative remedies, and Plaintiff's claims against these defendants are **DISMISSED WITHOUT PREJUDICE**; and

3. Summary Judgment is **DENIED** on the Plaintiff's retaliation claim against Defendant Clayton Deboer, and this claim shall remain before the Court for further proceedings.

**IT IS SO ORDERED** this 30th day of April 2021.

/s/ *Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE